APPEAL OF CHATTERTON & SON.

Docket No. 6057.    Decided October 19, 1926.

The income and profits-tax return of the petitioner for the taxable year *held* to have reflected its true net income.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Briggs G. Simpich, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency of less than $10,000 in income and excess-profits taxes for the fiscal year ended June 30, 1918. The deficiency arises from the fact that the petitioner rendered its last preceding return for a period including July 1 to July 28, 1917, and the Commissioner corrected it by making the closing date June 30, 1917, and finding an excess for the 28 days. The excess was included by the Commissioner in the income of the petitioner for the fiscal year 1918.

FINDINGS OF FACT.

1. The petitioner is, and was for some years prior to and at the time involved in this appeal, a corporation engaged in the grain, hay, potato and bean brokerage and jobbing business—about 80 per cent of all relating to beans—at Mt. Pleasant, Mich. It had three branches located, respectively, at Grand Rapids, Charleroi, and Ellsworth, Mich.

2. The petitioner's brokerage business related wholly to buying and selling at wholesale and was all conducted at its plants at Mt. Pleasant and Grand Rapids.

3. The petitioner's books were kept on the accrual basis, and, except as to those relating to the brokerage business, were closed annually on June 30. The brokerage books were closed on August 31, 1916, and July 28, 1917, at Mt. Pleasant, and on July 26, 1916, and July 28, 1917, at Grand Rapids, and all the books were closed on June 30, 1918.

4. The petitioner included as income for the fiscal year, in its return for 1917, all of its net income from the brokerage business from July 1 to July 28, inclusive, and did not include this income in its return for 1918.

5. The Commissioner decided that the petitioner's fiscal year must have but one date of closing, and that the appropriate date was June 30. He therefore prorated the income for 1917 by ascertaining the number of days in the whole period shown by the return and the number of days shown subsequent to June 30, 1917, and deducted a part of the income shown proportional to these two numbers. The amount deducted was $12,376.16. He has increased the income reported in the return for 1918 by this amount. It is from this increase that the appeal is taken.

6. The petitioner has submitted a proposed "agreed findings of facts" which indicates that, owing to the fact that its business was seasonal and that very few sales were made from July 1 to September 1 of each year, it actually lost money during the first 28 days of July, 1917. The Commissioner has refused to sign the findings, but, at the hearing, he explicitly admitted "the facts and figures" contained in the stipulation.

OPINION.

LANSDON: There is agreement between the parties as to the foregoing facts. The Commissioner, by agreeing to "the facts and figures" in the proposed stipulation of facts, has admitted that the petitioner, instead of having net income of $12,376.16 during the first 28 days of July, 1917, actually lost $2,462.66 during that period. There is no dispute as to the accuracy of the return for the period for which it was rendered. This being true, the conclusion is inevitable that the return reflects a net income in excess of that actually received during the full taxable year beginning July 1 and ending June 30, 1918. There is, therefore, no deficiency.

*Judgment will be entered for the petitioner.*